**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTONIO SERCYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-226-GPM |
| | ) | |
| SUPT. DIAZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff, a pretrial detainee confined at the Cook County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 3) in the United States District Court for the Northern District of Illinois. By Minute Order dated January 15, 2010, the Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois, granted Plaintiff's motion to proceed *in forma pauperis* and directed Cook County Jail Officials to "deduct $18.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order" (Doc. 6).

Plaintiff's original complaint alleged that he had been improperly transferred from Cook County Jail to Jefferson County Jail. Plaintiff asserted that while he was confined at the Jefferson County Jail, he was stabbed in the neck. It appears that Plaintiff was taken to a hospital for treatment and, upon his release from the hospital, he was transferred back to Cook County Jail.

Plaintiff claimed that following the attack and his transfer back to Cook County Jail, he was "afraid for his life" (Doc. 1).

In the January 15 Order, Judge Pallmeyer also dismissed Plaintiff's original complaint without prejudice and held that if Plaintiff "wishes to sue correctional officials at the Jefferson County Jail for failing to protect him from attack, [he] must file … in the U.S. District Court for the Southern District of Illinois" (Doc. 6). Judge Pallmeyer found that the complaint failed to state a viable claim against the Cook County Sheriff because Plaintiff did not have a right to be held or confined in any particular jail. Judge Pallmeyer noted, however that the original complaint asserted that Plaintiff was "currently in danger at the Cook County Jail." With respect to this claim, though, Plaintiff had not identified the specific individuals who had allegedly violated his rights by being deliberately indifferent to Plaintiff's safety. Plaintiff was given thirty days to file an amended complaint "naming those specific individuals who have allegedly acted with deliberate indifference to his safety (that is, those specific officers to whom Plaintiff has expressed his fears for his safety but who have failed to take any action to protect him)." (Doc. 6).

Plaintiff's first amended complaint (Doc. 8) was filed on February 11, 2010. By Minute Order dated March 11, 2010, Judge Pallmeyer stated:

> Despite the court's instructions, Plaintiff's amended complaint focuses solely on the rejected claims – what he perceives as an improper transfer to the Jefferson County Jail, and officials' alleged failure there to protect him from attack. The amended complaint makes no mention of any current threat to Plaintiff's safety.

(Doc. 14). Accordingly, Judge Pallmeyer transferred the case to this Court.

On March 3, 2010, Plaintiff filed his proposed second amended complaint (Doc. 19), which this Court construes as a motion for leave to file a the second amended complaint. This motion is

**GRANTED**.  The second amended complaint supersedes and replaces the original complaint.  *See*

*Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  In his second

amended complaint, Plaintiff seeks relief only against Defendants Roger Mulch, Randy Pollard,

Bonnie May, John Does 1-3, and the Cook County Department of Corrections.  It appears that

Plaintiff has dropped his claims against Defendants Diaz and Slaughter.  Accordingly, Defendants

Diaz and Slaughter are **DISMISSED** as defendants in this action.

This case is now before the Court for a preliminary review of the second amended complaint

(Doc. 19) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Although the Court is obligated to accept factual allegations as true, some factual allegations may

be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE SECOND AMENDED COMPLAINT

Plaintiff alleges that on June 12, 2009, while confined in the Jefferson County Jail, he was stabbed in the neck by another inmate. Plaintiff asserts that prior to the attack he notified Defendants Morgan and John Doe 1 that he was in danger of being attacked due to gang retaliation. Plaintiff states that after the attack he was taken to St. Mary's Hospital where he received several stitches. Plaintiff states that he was interviewed by Defendant Pollard concerning the attack and asked to identify the inmate who attacked him. Defendant Bonnie May is alleged to have taken photographs of Plaintiff's injuries. After being released from the hospital, it appears that Plaintiff was taken back to the Jefferson County Jail and placed on protective custody status. Shortly thereafter, Plaintiff was transferred back to Cook County Jail.

### DISCUSSION

In order to state a claim that the defendants failed to adequately protect him from harm at the hands of another inmate, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether

the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff also must demonstrate the subjective component to an Eighth Amendment claim; the subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires a prison official to have a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In this case, the applicable state of mind is deliberate indifference to inmate safety. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

At this time, the Court is unable to dismiss Plaintiff's claims against Defendants Morgan and John Doe 1. Plaintiff asserts that he advised these defendants that there was a risk that he would be harmed by another inmate due to "gang retaliation." Defendants Morgan and John Doe 1 allegedly failed to act on that information to protect Plaintiff. Plaintiff was, in fact, attacked and suffered injury. Therefore, Defendants Morgan and John Doe 1 should not be dismissed at this time.

Plaintiff's claims against all other Defendants, however, must be dismissed pursuant to 28

U.S.C. § 1915A.  With respect to Defendants Bonnie May and Randy Pollard, the complaint only alleges facts occurring *after* the attack.  Specifically, that Pollard interviewed him and asked him to identify his attacker and that May took photographs of Plaintiff's injuries.  There is no indication that these two Defendants were aware of the potential harm to Plaintiff *before* the attack occurred. Consequently, the complaint fails to state a claim against Defendants Pollard or May.

With respect to Defendants Mulch, John Doe 2, Cook County Department of Corrections, and John Doe 3, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  The instant complaint does not include any allegations indicating how Defendants Mulch, John Doe 2, or John Doe 3 were personally responsible for the alleged violations of Plaintiff's rights. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Thus, Plaintiff's claims against Defendants Mulch, John Doe 2, and John Doe 3 must be dismissed.

With regard to the Cook County Department of Corrections, Plaintiff's claim is really against Cook County – the entity that operates the Cook County Jail.  In order to obtain § 1983 relief against a county, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the county.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Because there is no allegation concerning any Cook County policy, Plaintiff's claim against Cook

County is dismissed.

### PENDING MOTIONS

Plaintiff filed multiple motions to proceed *in forma pauperis* (Docs. 10, 21); these motions are **DENIED as moot** because, as noted above, Judge Pallmeyer has already granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff also filed multiple motions for appointment of counsel (Docs. 4, 11, 20). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). With regard to the first step of the inquiry, Plaintiff states that he has contacted several attorneys but has been unable to secure representation in this matter.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, __ F.3d __, No. 08-1762, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). Plaintiff's claim does not appear to be factually complex. Briefly, Plaintiff alleges that he was attacked by another prisoner at the Jefferson County Jail and that, before the attack, that he had informed Defendants that there was a

risk of "gang retaliation."   From a legal standpoint, the litigation of any constitutional claim falls in the range of complex.  Nevertheless, Plaintiff's second amended complaint adequately articulates his claim.  Defendants have not yet been served with process and, therefore, have not yet filed an answer to the complaint.  Future developments may change the Court's mind on whether counsel should be appointed.  At this early stage and time, though, the Court concludes that Plaintiff appears to be competent to litigate his case.  Therefore, Plaintiff's motions for the appointment of counsel (Docs. 4, 11, 20) are **DENIED without prejudice**.

### SUMMARY

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Mulch, Pollard, May, John Doe 2, John Doe 3, and the Cook County Department of Corrections are **DISMISSED** pursuant to 28 U.S.C. § 1915A.   Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motions to proceed *in forma pauperis* (Docs. 10, 21) are **DENIED as moot**.  Plaintiff's motions for appointment of counsel (Docs. 4, 11, 20) are **DENIED without prejudice**.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Morgan**.   The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the second amended complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Morgan** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the second amended

complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on John Doe 1 until such time as Plaintiff has identified such defendant by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to former employees of Jefferson County Jail who no longer can be found at the work address provided by Plaintiff, the Jail shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the Jail pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant(s) or, if appearance has been entered by counsel, upon such attorney(s), a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant(s) or his/their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the second amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  If Plaintiff fails to do so, this action will be dismissed for failure to comply with an order of this Court.  Fed. R. Civ. P. 41(b); *see generally*

*Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

      **IT IS SO ORDERED**.

      DATED:  09/16/10

                       s/ *G. Patrick Murphy*
                       G. PATRICK MURPHY
                       United States District Judge